**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION (DAYTON)**

| | | |
|---|---|---|
| BRIAN MCCOMB,<br><br>Plaintiff,<br><br>vs.<br><br>OFFICER SETH W. PAUL, *et al*.,<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Case No. 3:25-cv-00252<br><br>District Judge Michael J. Newman<br>Magistrate Judge Caroline H. Gentry |

---

## OPINION AND ORDER DENYING PLAINTIFF'S MOTIONS FOR DISCOVERY SANCTIONS (DOC. NOS. 23 & 24)

---

Plaintiff Brian McComb, who is proceeding without the assistance of counsel, filed this civil rights action against Defendants West Carrollton Police Department, Sergeant John Perry, and Officer Seth Paul. (Complaint, Doc. No. 1.) Plaintiff's claims arise from a traffic stop that led to his temporary detention and the towing of his vehicle. (*Id*.) Plaintiff has filed a "Motion for Sanctions to Enforce Rule 26 and the Court's Scheduling Order, To Treat Evasive and Untimely Discovery as a Failure to Respond, and to Preclude Defendants from Using Untimely Discovery" (First Sanctions Motion, Doc. No. 23) and a "Combined Motion for Compulsion of Discovery and Sanctions Under Rules 16, 26, and 37[,] Striking of Defenses Under Rule 37(b)(2)(A)(ii)[,] Default and Default Judgment Under Rule 55(a), 55(b), And Rule 37(b)(2)(A)(vi) Civil Contempt and Personal Sanctions Against Defense Counsel Herman" (Second Sanctions Motion, Doc. No. 24). For the reasons set forth below, both Motions are **DENIED**.

## I. BACKGROUND

### A. Judge Newman's Scheduling Order

On September 22, 2025, District Judge Michael Newman issued a Preliminary Pretrial Conference Order that set a discovery cut-off of September 18, 2026. (Doc. No. 14, PageID# 156.) Judge Newman referred this case to the undersigned Magistrate Judge "to manage or resolve any discovery disputes that might arise." (*Id*. at PageID# 155.) Judge Newman also referred to and provided a link to his Standing Order Governing Civil Cases,[1] which provides in relevant part:

> The parties may jointly request an informal discovery dispute conference with the assigned magistrate judge only after exhausting all extrajudicial means to resolve the dispute. *See* S.D. Ohio Civ. R. 37.1. ***In the absence of extraordinary circumstances, no discovery motion*** – such as a motion to compel or a motion for a protective order (except for a joint motion for entry of a proposed protective order) – ***shall be filed*** in a case assigned to the undersigned ***until the parties have participated in an informal discovery dispute conference*** as set forth in S.D. Ohio Civ. R. 37.1

Judge Newman Standing Order Governing Civil Cases, Section IV(b) (emphasis added).

### B. Plaintiff's First Sanctions Motion

Plaintiff filed his First Sanctions Motion on February 5, 2026, without requesting an informal discovery dispute conference with the undersigned Magistrate Judge. In the Motion, Plaintiff incorrectly asserts that "[p]ursuant to Rule 26(f) and this Court's Scheduling Order, discovery in this case was to be completed by **December 30, 2025**." (Doc. No. 23 at PageID# 297 (emphasis added); *see* Scheduling Order, Doc. No. 14,

[1] Judge Newman's Standing Order Governing Civil Cases can be found on the Court's website at https://www.ohsd.uscourts.gov/FPNewman.

PageID# 156 (establishing a discovery cut-off of **September 18, 2026**).) Plaintiff emailed discovery requests to Defendants' counsel on December 31, 2025. (Doc. 23-1, PageID# 303.) Defense counsel confirmed receipt on January 5, 2026. (Doc. 23-2, PageID# 304.)

On January 9, 2026, Plaintiff conversed with a records clerk and Deputy Chief Ryan Flynn of Defendant West Carrollton Police Department. (Doc. 23-3, PageID# 305-314.) Plaintiff reiterated his request for "Officer Paul's body-worn camera footage." (*Id*. at PageID# 312.) Deputy Flynn represented that he had provided the requested footage (to the extent that it existed) to defense counsel. (*Id*.)

On January 27, 2026, Attorney Herman asked Plaintiff for an extension from January 30, 2026 to February 13, 2026 to respond to his discovery requests. Attorney Herman also asked that Plaintiff "forward Word versions of the discovery requests so that we do not have to re-type each request that is currently in PDF format." (Doc. 23-5, PageID# 316-317.) Plaintiff apparently did not agree to either of these requests.

On January 30, 2026, Attorney Herman served Defendants' responses and objections to Plaintiff's requests for admission. (Doc. No. 23-6, PageID# 318.) He also stated: "We are continuing to finalize the interrogatory answers and document production responses since you would not extend the courtesy of providing us a Word copy of the discovery requests. We will serve those answers and responses next week." (*Id*.)

On Thursday, February 5, 2026, Plaintiff filed his First Sanctions Motion (Doc. No. 23). In it, he argued that Defendants' failure to timely respond to his interrogatories and request for production of documents had prejudiced him by delaying his receipt of discovery necessary to oppose Defendants' filings and by forcing him to spend time and

effort litigating these discovery issues. (*Id*. at PageID# 300.) Plaintiff sought to compel the discovery responses and moved for discovery sanctions. (*Id*. at PageID# 301-302.)

**C. Plaintiff's Second Sanctions Motion**

Based upon the same facts, Plaintiff filed his Second Sanctions Motion (Doc. No. 24) on February 18, 2026—again without requesting an informal discovery conference with the undersigned Magistrate Judge. Asserting that the "[d]iscovery deadline closed on January 30, 2026," Plaintiff moved to compel Defendants' discovery responses and for an order imposing a range of discovery sanctions, including "[c]ivil contempt and personal sanctions fines and possible imprisonment against counsel." (*Id*. at PageID #320.)

**D. Defendants' Combined Response**

Defendants filed a Combined Response (Doc. No. 25) to Plaintiffs' Sanctions Motions on February 26, 2026. Defendants explain that their counsel did not receive all of the requested documents until January 21 and 22, 2026, and therefore had requested an extension to provide their discovery responses. (*Id*. at PageID# 354.) Because Plaintiff refused to grant the requested extension, Defendants responded to Plaintiff's requests for admission on the due date of January 30, 2026. (*Id*.) Three weeks later on February 20, 2026, Defendants produced responsive documents and their written responses to Plaintiff's interrogatories and request for production of documents. (*Id*. at PageID# 354-355.) Defendants argue that while these responses were 21 days late, they were provided well in advance of the September 18, 2026 discovery cut-off deadline. (*Id*.)

## II. LAW AND ANALYSIS

The Court denies Plaintiff's Sanctions Motions for several reasons. First, and most importantly, Plaintiff did not comply with the requirement in Judge Newman's Standing Order that he contact the assigned Magistrate Judge for an informal discovery conference ***before*** he filed discovery-related motions. If Plaintiff had done so, then the undersigned Magistrate Judge would have granted Defendants a reasonable extension of time (such as 21 days) to respond to Plaintiff's discovery requests, and this dispute would have been resolved without the need to file a motion. Because the Sanctions Motions were filed in violation of Judge Newman's Standing Order, they must be denied on that basis alone.

Even if the Court were to reach the merits of the Sanctions Motions, however, it would still deny them. Defendants served some discovery requests on time and provided the remaining discovery requests and documents three weeks late. While this is not an ideal situation, it is also not sanctionable. If defense counsel had requested an extension from the Court—which would have been the preferred course of action—then the Court would have granted that request. *See* Fed. R. Civ. P. 33(b)(2) (court has authority to order a longer period of time to respond to interrogatories); Fed. R. Civ. P. 34(b)(2)(A) (same with respect to requests for production of documents). And in the context of this case, a three-week delay that occurred well in advance of the discovery cut-off date provides no basis for awarding discovery sanctions.

The Court recognizes that Rule 37(a)(5)(B) requires it to order Plaintiff to pay the attorneys' fees that Defendants incurred in opposing the unsuccessful Sanctions Motions, unless "the motion was substantially justified or other circumstances make an award of

expenses unjust." Fed. R. Civ. P. 37(a)(5)(B). Although the Sanctions Motions were not substantially justified, the Court finds that an award of expenses would be unjust because some of Defendants' discovery responses were untimely and Defendants did not request an extension of the applicable discovery deadline from this Court.

## III. CONCLUSION

For the reasons stated above, Plaintiff's First Sanctions Motion (Doc. No. 23) and Second Sanctions Motion (Doc. No. 24) are **DENIED.** No expenses shall be awarded.

**IT IS SO ORDERED.**

*/s/ Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge

## DEADLINE TO FILE OBJECTIONS

In accordance with Rule 72(a) of the Federal Rules of Civil Procedure, any party may file and serve written objections to this Order **within fourteen (14) days** after being served with a copy. A party may respond to another party's objections **within fourteen (14) days** after being served with a copy. If timely objections are filed, then the District Judge will consider them and modify or set aside any portion of the Order that is clearly erroneous or contrary to law. A party may not assign as error a defect in the Order to which no timely objection was filed. Even if objections are timely filed, this Order will remain in full force and effect unless it is stayed or overruled. *See* S.D. Ohio Civ. R. 72.3.